## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**WILLIAM MAYFIELD**                                                     **PLAINTIFF**

**V.**                                  **NO.: 4:23-CV-00046-JM-ERE**

**DANNY CLARK,** *et al.*                                            **DEFENDANTS**

## <u>ORDER</u>

Before the Court are Defendant Ray Vance's motions asking the Court to compel *pro se* plaintiff William Mayfield to fully respond to his requests for production and provide fully executed medical release forms. *Docs. 120, 129.* For reasons that follow, the motions to compel are granted in part and denied in part.

## I.       BACKGROUND

Mr. Mayfield brings this lawsuit concerning his prior detention at the Sheridan Detention Center ("Detention Center"). In his third amended complaint, he claims that the Detention Center Administrator, Danny Clark, and former Grant County Sheriff, Defendant Vance, denied him adequate medical treatment for seizures. *Doc. 23.*[1]

---

[1] Mr. Mayfield has two other open cases in this Court raising different claims. See *Mayfield v. Gilliam, et al.*, E.D. Ark. Case No. 4:23-cv-01214-LPR-ERE (alleging that four Defendants failed to protect him from an inmate attack that occurred on November 26, 2023); and *Mayfield v. Parsons, et al.*, E.D. Ark. Case No. 4:23-cv-1050-LPR-ERE (alleging that Saline County Defendants provided him blood pressure medication that caused him to lose color in his vision).

Mr. Mayfield alleges that, on December 31, 2022, he fell and hit his head at the Detention Center and has experienced seizures "from that point on." *Doc. 126 at 3*. He states that he received treatment at the Saline Memorial Hospital emergency room, where a doctor prescribed seizure medication, but Defendants failed to give him the medication as prescribed and demonstrated deliberate indifference to his serious medical needs. *Doc. 23*. He seeks money damages, including an award for future medical expenses, including "any surgeries" that may be required. *Doc. 23 at 9*.

On November 28, 2023, Defendant Vance sent Mr. Mayfield written discovery requests, including interrogatories, requests for production, and two requests for admission. *Doc. 120-1*. Request for Production No.1 asks Mr. Mayfield to sign and produce an attached medical release form, and Request for Production No. 2 asks him to provide any and all documents showing his alleged damages. *Doc. 120-1 at 13-15*.

On December 15, 2023, Mr. Mayfield filed responses to Defendant Vance's interrogatories and requests for admissions. *Doc. 112*. His filing did not include responses to the requests for production and noted that he felt that Defendants were attempting to violate the Health Information Portability and Accountability Act ("HIPAA").[2] *Doc. 112 at 2*. He stated "I only give Court's authorization of any

---

[2] HIPAA permits covered health care provided to disclose medical information: (1) with

medical records they need. I think this lawyer [is] really trying to violate HIPPA laws." *Id*.

By letter to Mr. Mayfield dated December 21, 2023, defense counsel requested that Mr. Mayfield execute the medical release form. *Doc. 120-2 at 1*. The letter warned that if the authorization were not received by January 2, 2024, counsel would file a motion to compel. *Id*. Mr. Mayfield did not respond.

On January 5, 2023, Defendant Vance filed his first motion to compel seeking full responses to his requests for production, including executed copies of the attached medical release form.[3] *Docs. 120, 121*.

By Order entered January 8 2024 (*Doc. 122*), the Court directed Defendant Vance to supplement his motion to compel by explaining how the proposed medical release was consistent with the scope of permissible discovery set forth under Rule 26(b)(1). In addition, the Court gave Mr. Mayfield up to and including January 18, 2024, to file a response.

---

the patient's written consent, see 45 C.F.R § 164.508; (2) a court order, see 45 C.F.R. § 164.512; or (3) a subpoena or discovery request. See 45 C.F.R. § 164.512(e)(1)(ii). Nothing in the record indicates that Defendant Vance is attempting to violate HIPAA. The question before the Court is whether the proposed medical release seeks information within the scope of permissible discovery under Rule 26(a)(1) of the Federal Rules of Civil Procedure.

[3] Defendant Vance's motion to compel and his letter to Mr. Mayfield specifically seek responses to requests for production, including executed medical authorizations. *Docs. 120 at 1, 120-2*. Defendant Vance generally states that Mr. Mayfield failed to fully answer interrogatories and requests for admission (*Doc. 121 at 2*), but he fails to specify how Mr. Mayfield's responses to interrogatories and requests for admission are incomplete or inadequate.

On January 12, 2024, Defendant Vance supplemented the motion to compel as directed. *Doc. 129*. Mr. Mayfield has not filed a response.

## II.    DISCUSSION

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that, unless otherwise limited by court order, parties may obtain discovery regarding "any nonprivileged matter that is relevant to any parties' claim or defense and proportional to the needs of the case . . . " Fed. R. Civ. P. 26(b)(1).

Regarding Defendant Vance's Request for Production No. 2, it is clear that "documents (including but not limited to bills, invoices, or receipts) or other tangible items" that Mr. Mayfield believes show any element of claimed damages are discoverable. Mr. Mayfield must provide all documents and items responsive to Request for Production No. 2, which are in his possession, custody, or control.

As for Request for Production No. 1, the Court must determine whether the information sought by the proposed medical release is relevant and proportional to the needs of the case. While generous, the permissible scope of discovery under Rule 26(b) does not allow a fishing expedition, and "[s]ome threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992); see also *Vallejo v. Amgen*, Inc., 903 F.3d 733, 742 (8th Cir. 2018) (quoting

4

*Carr v. State Farm Mut. Auto. Ins., Co.*, 312 F.R.D. 459, 468 (N.D. Tex. 2015))
("[A] court can—and must—limit proposed discovery that it determines is not
proportional to the needs of the case, considering the importance of the issues at
stake in the action, the amount in controversy, the parties' relative access to relevant
information, the parties' resources, the importance of the discovery in resolving the
issues, and whether the burden or expense of the proposed discovery outweighs its
likely benefit—and the court must do so even in the absence of a motion.").

Mr. Mayfield complains about medical treatment he received for seizures, but
the proposed medical release covers unlimited medical conditions. For example, it
even allows discovery of the following information:

> I understand that the information in my health records may include
> information relating to sexually transmitted disease, acquired
> immunodeficiency syndrome (AIDS), or human immunodeficiency
> virus (HIV). It may also include information about behavioral or mental
> health services, and treatment for alcohol and drug abuse . . . .

*Doc. 120-1 at 15*.

Defendant Vance contends that the proposed medical release seeks relevant
information because "when or if Plaintiff was previously diagnosed with a seizure
disorder [or prescribed seizure medication] is relevant to Plaintiff's claim of being
denied such medication/treatment." *Doc. 129 at 2*. The Court agrees that such
information is discoverable. However, the proposed release goes far beyond that.

While Defendant Vance is entitled to any medical records related to the seizure disorder that Mr. Mayfield has placed in controversy, a medical release asking for his entire medical history, with no effort to limit its scope, is too broad. The Court will give Defendant Vance latitude to request medical information arguably bearing upon the matter in controversy – that is, whether Defendant Vance has ever suffered from or been prescribed medication for seizures.

The temporal scope of the release is also unreasonably broad, permitting the release of all past medical records, with no time limit. Defendant Vance is entitled to obtain medical records for a reasonable period of time *before* the alleged December 31, 2022 onset date, but an unlimited time period is disproportional to the needs in this case.[4]

As for medical records created in the future, the proposed release states that, unless revoked by Mr. Mayfield, it will remain in effect for three years from execution, making it possible that the authorization will remain in effect even after this case is closed. Given Mr. Mayfield's request for future medical expenses, Defendant Vance appropriately requests future medical records. However, the authorization should not extend beyond the closure of this case.

---

[4] A narrowed subject matter scope would arguably support a broader temporal scope (7-10 years).

## III.  CONCLUSION

IT IS THEREFORE ORDERED that:

1.      Defendant Vance's motion to compel (*Doc. 120*) and supplemental motion to compel (*Doc. 129*) are GRANTED IN PART and DENIED IN PART.

2.      Within fourteen (14) days from the entry date of this order, Mr. Mayfield must provide counsel for Defendant Vance all documents in his possession, custody, or control responsive to Defendant Vance's Request for Production No. 2.

3.      Within seven days from the entry date of this Order, Defendant Vance may provide Mr. Mayfield a revised proposed medical release that is consistent with the parameters set forth in this Order.

4.      With seven days of receiving a revised medical release, Mr. Mayfield must either: (1) sign the revised medical release; or (2) file specific objections to the revised medical release--stating why he believes it seeks information that is not relevant to any party's claim or defense or proportional to the needs in this case.

SO ORDERED 8 February 2024.


_____
UNITED STATES MAGISTRATE JUDGE