IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**WILLIAM MAYFIELD**                                                        **PLAINTIFF**
**ADC #659228**

V.                     NO. 4:23-cv-00046-JM-ERE

**SHERIDAN DETENTION CENTER,** *et al.*                   **DEFENDANTS**

## ORDER

*Pro se* plaintiff William Mayfield has filed a motion to compel Defendant Danny Clark to provide responses to his second set of interrogatories and requests for production (*Doc. 209*), and Defendant Clark has filed a response in opposition. *Doc. 210*. For reasons that follow, the motion is denied.

On April 9, 2024, Mr. Mayfield filed 39 interrogatories and 9 requests for production. (*Doc. 184*), and on April 18, he filed a motion to compel Defendants' responses.

On May 1, the Court conducted a telephone conference regarding Mr. Mayfield's premature motion to compel and other discovery-related issues. After hearing from the parties, the Court directed Mr. Mayfield to select and identify no more than 30 of his *then-pending* interrogatories, counting each subpart as a single

interrogatory, for Defendant's responses.[1] The Court also directed Mr. Mayfield to cease filing discovery requests with the Court.[2]

At the time of the telephone conference, Defendant Clark had drafted responses to most of Mr. Mayfield's 39 interrogatories. Accordingly, rather than wait for Mr. Mayfield to provide him no more than 30 interrogatories among the original 39, on May 8, Defendant Clark mailed Mr. Mayfield responses to each of his original 39 interrogatories and 9 requests for production. *Doc. 210 at 2 and 201-1*.

Federal civil procedural rules provide for 25 interrogatories, absent stipulation to or a court order allowing more interrogatories. Fed. R. Civ. P. 33(a)(1). Thus, in allowing Mr. Mayfield to ask 30 interrogatories, the Court gave Mr. Mayfield 5 extra interrogatories.

On May 14, contrary to the Court's instructions, Mr. Mayfield filed a "second set" of interrogatories and requests for production. *Doc. 205*. Mr. Mayfield's second set of discovery request include some of the interrogatories from his original 39, though rephrased, and several new interrogatories.

---

[1] The Court provided Mr. Mayfield these exact instructions orally during the telephone conference and in a written docket entry mailed to Mr. Mayfield the same day. *Doc. 202*.

[2] The Court had previously instructed Mr. Mayfield not to file his discovery requests, such as interrogatories and requests for production, with the court and to send discovery requests to defense counsel. *Doc 3-1 at 2*.

On May 20, 2024, Defendant Clark mailed Mr. Mayfield responses to his second set of interrogatories and requests for production. *Doc. 210 at 2 and 201-2*. Defendant Clark objected to each interrogatory on the ground that Mr. Mayfield had exceeded the number of interrogatories permitted under Rule 33(a)(1). *Doc. 201-2*.

Mr. Mayfield now asks the Court to compel Defendant Clark to provide answers to his second set of discovery requests. He does not complain about the content of Defendant Clark's responses to his original discovery requests, nor does he claim that the responses are inadequate, incomplete, or unresponsive. Instead, he argues that Defendant Clark answered his first set of discovery requests only because "the questions in the [second] set are way better then the first set." *Doc. 209 at 4*.

Contrary to Mr. Mayfield's assertion, the Court did not direct him to change the content of his interrogatories and "make them better." Instead, the Court clearly directed Mr. Mayfield to select no more than 30 of his *original* interrogatories for Defendants' responses, and Defendant Clark went beyond what was expected and responded to each of Mr. Mayfield's original interrogatories. The Court has not granted Mr. Mayfield leave to serve additional interrogatories and finds no basis to do so.

In responding to Mr. Mayfield's first set of 39 interrogatories, Defendant Clark, in effect, already answered Mr. Mayfield's revised duplicative interrogatories. As to the new interrogatories, their burdensome and argumentative

nature far outweighs the likelihood that Defendant Clark, if directed to answer the interrogatories, would provide any information relevant to Mr. Mayfield's case.

IT IS THEREFORE ORDERED that Plaintiff's motion to compel (*Doc. 209*) is DENIED.

DATED 3 June 2024.

_____
UNITED STATES MAGISTRATE JUDGE